NO. 7830          STATE OF LOUISIANA

MRS. ULYSSE BERTHELOT
                     COURT OF APPEAL
        VS

HOME BUILDERS REALTY CO, INC.    PARISH OF ORLEANS.
                  ---------------------

7830

St. Paul, Judge.

Plaintiff agreed to purchase and pay for in monthly instalments, certain swamp lots, all payments to be completed in about two years under pain of forfeiture; whereupon defendant was to execute a deed for same. Plaintiff additionally bound herself not to erect any building on said lots to cost less than a certain sum, and not to sell to persons objectionable to defendant.

Defendant agreed to pay all taxes for one year from date of contract, and guaranteed to build levees and canals and cut certain streets and boulevards, or return the amount paid with 10% added.

It was specially agreed that time was of the essence of the contract between the parties.

### I.

When plaintiff had completed her payments and was ready for her deed, defendant had practically done nothing in the way of building canals and levees to drain the land; much less had it cut and laid out any streets and boulevards; so that plaintiffs lots were not even discernible from the surrounding highlands and still less could they be approached. And what is even more to the purpose defendant was not making or pretending to make any effort whatever to carry out its part of the agreement having long before ceased

all such efforts.

Wherefore plaintiff makes this claim for the return
of her money.

## II.

It is clear from the nature of the contract (and
confirmed by the evidence) that plaintiff was not engaged
in a land speculation but in the purchase of a site for a
home in a projected residential section; and hence that
the improvements were to have been completed within a
reasonable time.

Now what would be a reasonable time under the circum-
stances is fixed by that provision of the contract itself
relative to the payment of a year's taxes by defendant; for
the presumption is that defendant meant to pay the taxes
only so long as plaintiff could not have the use of the
property; and this is confirmed by the repeated promises
by defendant that the improvements would be completed within
that year.

## III.

But the parties had agreed that _time_ was of the essence
of the contract between them; and so indeed it was for
plaintiff who was waiting to start the building of her home.

The trial judge therefore properly excluded any evidence
tending to excuse defendant for failure to perform its
part of the contract within the time above mentioned; the

more so as defendant had long since ceased making any
effort whatever to complete the improvements, and to allow
it further time at this stage of the controversy would be
in effect to excuse it altogether from even performing its
obligations under the contract.

The judgment appealed from must therefore be affirmed.

Judgment Affirmed.

New Orleans La, May 21st, 1920.